IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES KUEHNE and ANITA KUEHNE,    Civil No. 06-MC-7008-AA

        Petitioners,    OPINION AND ORDER

   vs.

UNITED STATES OF AMERICA,

        Respondent.
_____

Thomas J. Nolan, Esq.
Nolan, Armstrong & Barton LLP
600 University Ave.
Palo Alto, CA 94301

Francis LaPoll, Esq.
Gilfix & LaPoll Associates LLP
2300 Geng Rd., Suite 200
Palo Alto, CA 94303

Terri Wood, Esq.
Law Office of Terri Wood, PC
730 Van Buren St.
Eugene, OR 97402
    Attorneys for petitioners

Karin J. Immergut
United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

Jeremy N. Hendon
Trial Attorney, Tax Division
U.S. Department of Justice
P.O Box 683
Washington, D.C. 20044-0054
      Attorneys for respondent

AIKEN, Judge:

   Petitioners James and Anita Kuehne seek to quash a summons from the Internal Revenue Service (IRS) requiring accountant William Naiditch to provide testimony and records relating to petitioners' financial transactions and those of any businesses associated with them.  Petitioners allege that any testimony or documents Naiditch could provide are privileged, and that the act of producing incriminating documents is itself protected under the Fifth Amendment.

   Respondent, in turn, seeks summary enforcement of the summons, arguing the United States established a prima facie case of good faith as required by Unites States v. Powell, 379 U.S. 48 (1964), and petitioners failed to carry their burden of establishing privilege or Fifth Amendment protection.  The petition to quash the summons is denied.

## I.   BACKGROUND

   The IRS is conducting an investigation of James Kuehne and Anita Kuehne to determine income tax liability for the years 2000

2-OPINION AND ORDER

through the present, and whether any internal revenue offenses have been committed. Declaration of Wendy Bergland (Bergland Decl.) ¶ 3.

William Naiditch is a Certified Public Accountant who was hired by petitioners' attorney in connection with financial and tax matters, shortly after petitioners hired their attorney in March 2004. Declaration of Francis LaPoll (LaPoll Decl.). Naiditch also prepared amended tax returns for petitioners. Pet. to Quash ¶ 5.

On May 18, 2006, Special Agent Wendy Bergland issued and served an IRS administrative summons directing Naiditch to appear on June 12, 2006, in San Jose, California. Bergland Decl., ¶¶ 5, 6. Naiditch was directed to provide testimony and to produce documents relating to the financial transactions of James Kuehne and/or Anita Kuehne and any business, trust, or organization associated with them during tax years 2000 to the present. See Bergland Decl., at Ex. A. Special Agent Bergland agreed to allow Naiditch, at his request, to appear in Portland, Oregon. Bergland Decl., ¶ 13.

On June 8, 2006, petitioners filed a Petition to Quash Summons, Naiditch failed to appear on June 12, 2006, and respondent filed a Counterpetition for Summary Enforcement on August 8, 2006.

## II. DISCUSSION

Under Section 7609(b)(2)(A) of the revenue code, a taxpayer identified in an IRS summons served on a third-party record keeper

3-OPINION AND ORDER

may begin proceedings to quash the summons. 26 U.S.C. § 7609(b)(2)(A). In turn, the government may seek to compel compliance with the summons. <u>Crystal v. United States</u>, 172 F.3d 1141, 1143 (9th Cir. 1999). To defeat a petition to quash and to enforce a summons, the government must establish that the summons: (1) was issued for a legitimate purpose, (2) seeks information relevant to that purpose, (3) seeks information not already in the possession of the IRS, and (4) fulfills all administrative steps required by the Internal Revenue Code. <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964). The government's burden to establish the prima facie case "is a slight one, and may be satisfied by a declaration from the investigating agent that the <u>Powell</u> requirements have been met." <u>United States v. Dynavac, Inc.</u>, 6 F.3d 1407, 1414 (9th Cir. 1993).

I find that Special Agent Bergland's declaration satisfies the <u>Powell</u> requirements. First, the IRS may issue a summons for the purposes set out in the code, including "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability." 26 U.S.C. § 7602(a); <u>See</u> <u>United States v. LaSalle National Bank</u>, 437 U.S. 298, 316 n.18 (1978). Here, the IRS is investigating petitioners to determine their correct tax liabilities for the years 2000 through the present, and whether petitioners have committed any internal

4-OPINION AND ORDER

revenue offense. Bergland Decl., ¶ 3. Further, the IRS has not issued a criminal referral regarding petitioners. Id., ¶ 11. Therefore, the summons was issued for a legitimate purpose.

Second, the information sought must be relevant to the purpose of the investigation. Accordingly, the inquiry is whether the information sought "might have thrown light upon the correctness of the return." United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984). Documents used in the preparation of state and local tax returns and any related testimony are clearly relevant to the purposes of the summons, and such fact is attested to by Special Agent Bergland. Bergland Decl., ¶ 9.

Third, the information sought must not be possessed by the IRS. Special Agent Bergland stated in her declaration the IRS does not possess all of the information requested, fulfilling the third element of the Powell test. Id., ¶ 10.

Finally, the summons must meet all procedural steps required by the Internal Revenue Code. Again, Special Agent Bergland declares that those steps have been taken, Bergland Decl. ¶ 12, and petitioners do not contradict this assertion. Therefore, respondent's burden is met under the Powell test. Dynavac, 6 F.3d at 1414.

Nevertheless, petitioners maintain that the summons should be quashed, because the information sought from Naiditch is protected under the attorney-client privilege and work product doctrines.

5-OPINION AND ORDER

Once the government establishes the Powell elements, the "'heavy' burden [is] thus on the [opposing party] to 'allege specific facts and evidence to support his allegations.'" United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc). Petitioners, as the party asserting the privilege, bear the burden of establishing that the attorney-client privilege applies. See Weil v. Investment/Indicators, Research & Management, 647 F.2d 18, 25 (9th Cir. 1981). Further, the privilege must be strictly construed, because it is a derogation of the truth-finding process. Id. at 24.

Communications between an accountant and a client may be protected by the attorney-client privilege when the accountant's role is "to facilitate an accurate and complete consultation between the client and the attorney." United States v. Judson, 322 F.2d 460, 462 (9th Cir. 1963). However, "[w]hat is vital to the privilege is that the communication be made . . . for the purpose of obtaining legal advice from the lawyer. If what is sought is not legal advice but only accounting service, . . . or if the advice sought is the accountant's rather than the lawyer's, no privilege exists." United States v. Kovel, 296 F.2d 918, 922 (2d Cir. 1961)(internal citations omitted); see also, United States v. Gurtner, 474 F.2d 297, 299 (9th Cir. 1973); Judson, 322 F.2d at 462; United States v. Frederick, 182 F.3d 496, 500-01 (7th Cir. 1996) (documents and information obtained for the purpose of

6-OPINION AND ORDER

preparing a tax return are not covered by attorney-client privilege or work product doctrine).

Although petitioners' and their attorney assert that Naiditch was retained to help provide "legal advice and services to Petitioners in connection with financial and tax matters, not for the purpose of filing tax returns," it is the services Naiditch actually provided that determine whether privilege attaches. LaPoll Decl., ¶ 2. It is undisputed that Naiditch prepared amended tax returns for petitioners, Bergland Decl., ¶ 4, and as such any related documents and communications fall outside the scope of the attorney/accountant-client privilege. Thus, I find that petitioners have failed to meet their burden of establishing that all documents and information possessed by Naiditch are privileged.

Petitioners also seek to quash the subpoena on Fifth Amendment grounds. The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend V. The Supreme Court, in <u>United States v. Couch</u>, 409 U.S. 322 (1973), addressed the specific issue presented here, that of a taxpayer challenging an IRS summons of the taxpayer's accountant on Fifth Amendment grounds. The Supreme Court declared that the Fifth Amendment privilege "is a personal privilege: it adheres basically to the person, not to information that may incriminate him." <u>Id.</u> at 328. There, the summons was directed against taxpayer's accountant, and the Court found that "the

7-OPINION AND ORDER

ingredient of personal compulsion against an accused [was] lacking." Id. at 329; see also In re Grand Jury Subpoena (Maltby), 800 F.2d 981, 983-84 (9th Cir. 1986). Here, as in Couch, the summons was issued to petitioners' accountant; therefore petitioners' privilege against self-incrimination is not implicated as there is no personal compulsion.

Finally, petitioners reliance on In re Grand Jury Subpoena, 383 F.3d 905 (9th Cir. 2004), is misplaced. There the appellant asserted the Fifth Amendment privilege on his own behalf to seek immunity if the documents were produced. Id. at 908. The facts here are distinguishable, and petitioners fail to demonstrate that the Fifth Amendment precludes enforcement of the summons.

## CONCLUSION

Respondent's Counterpetition for Summary Enforcement of the IRS Summons (doc. 6) is GRANTED, and petitioners' Petition to Quash (doc. 1) is DENIED. IT IS SO ORDERED.

Dated this  12  day of October, 2006.

        /s/ Ann Aiken       
          Ann Aiken
United States District Court Judge

8-OPINION AND ORDER